# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Anthony Gamble, III, | ) | C/A No.: 5:20-cv-3618-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Officer Simmons and Jimmy Floyd, | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court dismiss the Amended Complaint. (Dkt. No. 23). For the reasons stated below, the Court adopts the R & R as the Order of the Court and dismisses the Amended Complaint.

## I.  Background

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while housed at the Mullins County Detention Center ("MCDC"). (Dkt. Nos. 1; 19). Plaintiff brings claims against the MCDC Director Jimmy Floyd and an MCDC Officer referred to as Officer Simmons, asserting claims of cruel and unusual punishment, deprivation of Plaintiff's right to a fair trial, and violation of Plaintiff's right to be free from fear. On October 22, 2020, the Magistrate Judge issued an Order notifying Plaintiff his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim and gave Plaintiff an opportunity to amend the complaint and cure the deficiencies. (Dkt. No. 10). Plaintiff filed an Amended Complaint on November 12, 2020. (Dkt. No. 19).

1

In the Amended Complaint, Plaintiff alleges Defendant Simmons subjected Plaintiff to cruel and unusual punishment by disclosing confidential information and lies about Plaintiff's case to other inmates. (*Id.* at 10). Plaintiff alleges Defendant Simmons told Plaintiff to "lay down and stop acting like a Negro." (*Id.*) Plaintiff contends that Defendant Simmons' use of racial epithets and disclosure of Plaintiff's information to other inmates violates HIPPA laws, Plaintiff's right to a fair trial, and Plaintiff's constitutional rights. (*Id.*) Plaintiff alleges he is mentally ill and is sensitive to verbal abuse and Defendant Simmons subjected Plaintiff to emotional distress. (*Id.* at 10.) Plaintiff alleges that Defendant Simmons' actions were intentional and he maliciously inflicted mental suffering. (*Id.* at 13). Plaintiff contends that Defendant Floyd's negligent hiring created an unreasonable risk that Plaintiff and others would be harmed. (*Id.* at 13). Plaintiff indicates he was transferred to the Dillon County Detention Center as part of a "cover up." (*Id.* at 12). Plaintiff indicates he filed a grievance to demonstrate the officer's negligence because Plaintiff requested medical treatment for his mental health injuries, and he has not received treatment.

On November 19, 2020, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's Amended Complaint. (Dkt. No. 23; 25). On November 30, 2020, Plaintiff filed objections to the R & R. (Dkt. No. 25). The matter is ripe for the Court's review.

II.     **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district

court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections in this case and the R & R is reviewed *de novo*.

### III.   Analysis

Upon a careful review of the Amended Complaint and Plaintiff's objections to the R & R, the Court finds the Magistrate Judge ably concluded Plaintiff's Amended Complaint fails to allege facts that arise to the level of Constitutional violations pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 19; 23; 25).

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, negligence is not actionable pursuant to 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336, n.3 (1986). In addition, claims of verbal abuse or words alone do not state a constitutional claim. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (discussing cases). Plaintiff has not alleged facts sufficiently harmful to evidence "deliberate indifference" to Plaintiff's "serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's claim he was transferred to another facility as part of a cover up fails to allege a constitutional deprivation because a prisoner has no constitutional right to be housed in a particular institution, at a particular custody level, or

in a particular portion or unit of a correctional institution. *Olim v. Wakinekona*, 461 U.S. 238 (1983). Last, Plaintiff's HIPPA claim does not state a constitutional violation as there is no private cause of action under HIPPA and there is no fundamental right of privacy in personal medical information. *Switzer v. Thomas*, No. 5:12CV00056, 2013 WL 693090, at *3 (W.D. Va. Feb. 25, 2013), *report and recommendation adopted*, No. 5:12CV00056, 2013 WL 1145864 (W.D. Va. Mar. 19, 2013), *aff'd*, 535 F. App'x 312 (4th Cir. 2013). Thus, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.

## IV.  Conclusion

For the reasons set forth above, the Court adopts the R & R as the Order of the Court. (Dkt. No. 23). Plaintiff's Amended Complaint is **DISMISSED**. (Dkt. No. 19).

**AND IT IS SO ORDERED**.

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 29, 2020
Charleston, South Carolina